UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEAVEN H.,

                Plaintiff,

      v.

NANCY A. BERRYHILL,

                Defendant.

Case No. C17-5957JLR

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I. INTRODUCTION

Plaintiff Heaven H. seeks review of the partial denial of her applications for disability insurance ("DI") and supplemental security income ("SSI") benefits. (*See* Pl. Op. Br. (Dkt. # 11) at 1.) Plaintiff contends the Administrative Law Judge ("ALJ") erred by (1) improperly discounting Plaintiff's testimony; (2) improperly weighing the medical evidence; (3) improperly evaluating the lay testimony; and (4) improperly assessing Plaintiff's residual functional capacity ("RFC") and ability to work. (*Id.*) As discussed below, the court REVERSES the final decision of Defendant Nancy A. Berryhill, Deputy Commissioner of the Social Security Administration for Operations (the "Commissioner"), and REMANDS the matter for further administrative proceedings

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

### A. Procedural History

This is the second time this case is before the court. Plaintiff filed for DI benefits in 2011, and SSI benefits in early 2012, alleging that her disability began on November 7, 2010. (*See* Admin. Record ("AR") (Dkt. # 7) at 190-202.) Her claims were denied on initial administrative review and on reconsideration. (*Id.* at 20, 114-15, 126-27.) ALJ Scott Morris conducted a hearing on September 5, 2013, at which Plaintiff, lay witness Jared Dulores, and a vocational expert testified. (*See id.* at 39-91.)

On January 17, 2014, ALJ Morris issued a partially favorable decision. (*Id.* at 20-32.) He found that Plaintiff was disabled as of June 1, 2012, but that Plaintiff had not been disabled between November 7, 2010, and May 31, 2012. (*See id.* at 31.) The Appeals Council denied review, and Plaintiff sought relief in this court. (*See id.* at 1, 996-98.)

On May 18, 2016, pursuant to a stipulation from the parties, Magistrate Judge Mary Alice Theiler entered an order affirming in part, reversing in part, and remanding this matter for further review. (*Id.* at 986-87.) On remand, the ALJ was instructed to "provide Plaintiff the opportunity for a new hearing, complete the sequential evaluation process, and issue a new decision for the period prior to June 1, 2012." (*Id.* at 986.)

On March 2, 2017, ALJ David Johnson conducted a second hearing, at which he took testimony from Plaintiff, medical expert John Kwock, M.D., and a vocational

expert. (*See id.* at 911-57.) ALJ Johnson issued a decision on July 21, 2017, in which he found that Plaintiff had not been under a disability as defined in the Social Security Act from November 7, 2010, through May 31, 2012. (*Id.* at 884-900.)

## B. The ALJ's Decision

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff did not engage in substantial gainful activity from November 7, 2010, the alleged onset date, through May 31, 2012, the day before Plaintiff became disabled. *See* 20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*

**Step two:** Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, obesity, fibromyalgia, ankylosing spondylitis, and headaches. *See* 20 C.F.R. §§ 404.1520(c) & 416.920(c).

**Step three:** Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926.

**Residual Functional Capacity:** Between November 7, 2010, and May 31, 2012, Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b), except that she was limited to frequent climbing of ramps or stairs; occasional climbing of ladders, ropes, or scaffolds; frequent balancing; occasional stooping or kneeling; never crouching or crawling; frequent overhead reaching; and avoidance of concentrated exposure to vibrations or hazards.

**Step four:** Plaintiff could perform past relevant work as a waitress, bartender, and short order cook. This work does not require the performance of work-related activities precluded by Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1565 & 416.965.

**Step five:** In the alternative, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 & 416.969(a). Therefore, Plaintiff was not under a disability, as defined in the Social Security Act, from November 7, 2010, through May 31, 2012. *See* 20 C.F.R. §§ 404.1520(f) & 416.920(f).

---

[1] 20 C.F.R. §§ 404.1520 & 416.920.

(AR at 884-900.)  The Appeals Council did not assume jurisdiction of the case, nor did Plaintiff file written exceptions to the ALJ's decision within 60 days of the ALJ's decision.  (*See generally* AR.)  The ALJ's decision thus became the Commissioner's final decision.  *See* 20 C.F.R. §§ 404.984(d) & 416.1484(d).

## III.   ANALYSIS

Plaintiff, as the claimant, bears the burden of proving she is disabled within the meaning of the Act.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  Pursuant to 42 U.S.C. § 405(g), the court may only set aside a denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.   The ALJ Did Not Commit Harmful Error in Evaluating Plaintiff's Testimony**

Plaintiff contends that the ALJ harmfully erred in evaluating her symptom testimony.  (Pl. Op. Br. at 9-15.)  Although the ALJ did commit errors in his analysis, they were ultimately harmless.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871

F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this first step because her medically determinable impairments could reasonably be expected to cause some of the symptoms she alleged. (AR at 891.)

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15).

Although the ALJ found no evidence of malingering, he found that inconsistencies between Plaintiff's testimony and the evidence in the record "undermine[d] the weight that [could] be given to [Plaintiff's] symptom reports." (AR at 891.)

The ALJ first addressed Plaintiff's testimony as compared to the objective medical evidence. "'[A]n [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)) (alteration in original); *see also* 20 C.F.R. § 416.929(c)(2).

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 5

The objective medical findings the ALJ cited could not alone support rejecting Plaintiff's symptom testimony, but they were relevant to the weight the ALJ gave to that testimony.

The ALJ next weighed Plaintiff's subjective statements about her capabilities against her doctors' medical findings. (AR at 891-96.) "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Among other things, the ALJ reasonably rejected Plaintiff's testimony that she could only walk a few blocks because several of her doctors noted that she had normal gait and full strength in her lower extremities. (*See* AR at 70, 334, 421, 458, 532, 579, 590, 892-94.) While Plaintiff has pointed to places in the medical record that support her symptom testimony, she has not established that the ALJ's interpretation of the evidence was irrational, and consequently has not demonstrated error. *See Thomas*, 278 F.3d at 954.

The ALJ last determined that Plaintiff's subjective complaints were inconsistent with her daily activities. An ALJ may consider a claimant's daily activities in assessing her testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ noted that Plaintiff cares for herself, prepares meals, performs basic household chores, reads, works on the computer, and interacts with family and friends. (AR at 895.) These activities cannot be considered

anything more than the basic activities of a normal life.  As such, they do not supply a reasonable basis for discounting Plaintiff's testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair*, 885 F.2d at 603); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

Although the ALJ gave an erroneous reason for discounting Plaintiff's symptom testimony, Plaintiff has failed to show harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).  An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle*, 533 F.3d at 1162).  The ALJ legitimately explained his reasons for discounting Plaintiff's symptom testimony when compared to the medical evidence, so his erroneous analysis of Plaintiff's daily activities has harmless.

**B.     The ALJ Committed a Harmful Error in Weighing the Medical Evidence**

Plaintiff also contends that the ALJ erred in evaluating the medical evidence.  (Pl. Op. Br. at 3-8.)  In particular, Plaintiff argues that the ALJ erred in evaluating the opinions of (1) Ezra Rabie, M.D.; (2) Gary Gaffield, D.O.; (3) John Kwock, M.D.; and

(4) Robert Hander, M.D. (*Id.*) Plaintiff has failed to demonstrate that the ALJ erred in evaluating the opinions of Dr. Rabie, Dr. Gaffield, and Dr. Kwock, but has shown that the ALJ harmfully erred in evaluating Dr. Hander's opinions.

Plaintiff also provides a recitation of the other medical evidence, and summarily concludes that it supports her alleged symptoms. (*See id.* at 4-8.) The court does not reweigh the evidence, so this medical evidence recitation with no substantive legal argument is of little value. *See Thomas*, 278 F.3d at 954. Because Plaintiff has not explained any specific errors with respect to the other medical opinions she mentions, the court will not separately address those opinions. *See Carmickle*, 533 F.3d at 1161 n.2 (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

1. <u>The ALJ Did Not Err in Weighing the Opinions of Dr. Rabie</u>

Dr. Rabie examined Plaintiff on May 13, 2010. (*See* AR at 331-36.) She diagnosed Plaintiff with a thoracic strain and preexisting compression fractures at T7, T8, and T9. (*Id.* at 335.) Dr. Rabie opined that Plaintiff was capable of performing her prior work as a truck driver. (*See id.* at 336.)

The ALJ gave Dr. Rabie's opinions great weight, finding that they were consistent with the objective medical evidence and Plaintiff's statements regarding her abilities. (*Id.* at 896.) Plaintiff argues that the ALJ erred because Dr. Rabie put forth his opinions six months before Plaintiff's alleged onset date of November 7, 2010. (Pl. Op. Br. at 3.)

Plaintiff has failed to show that the ALJ committed harmful error. *See Ludwig*, 681 F.3d at 1054. The ALJ is charged with weighing the probative value of evidence,

and does not err simply by giving weight to a doctor's opinion issued before the claimant's alleged onset date. *See Williams v. Astrue*, 493 F. App'x 866, 867 (9th Cir. 2012). Plaintiff's conclusory argument fails to demonstrate that the ALJ's decision was unsupported by substantial evidence or based on legal error, and thus she has failed to show harmful error. *See Thomas*, 278 F.3d at 954.

2. <u>The ALJ Did Not Err in Weighing the Opinions of Dr. Gaffield</u>

Dr. Gaffield examined Plaintiff on July 20, 2011. (*See* AR at 418-22.) He diagnosed Plaintiff with low back pain and cervical pain by history. (*Id.* at 422.) Dr. Gaffield opined, among other things, that Plaintiff could walk or stand "six hours out of an eight-hour day with adequate breaks and rest periods limited by her lumbar spasms." (*Id.*)

The ALJ gave Dr. Gaffield's opinions great weight. (*Id.* at 896.) Plaintiff argues that the ALJ erred because (a) he failed to acknowledge that Dr. Gaffield did not review November 2011 images that revealed a large lumbar disc herniation; and (b) he failed to include Dr. Gaffield's walking/standing limitation in the RFC. (Pl. Op. Br. at 3.)

Plaintiff has failed to carry her burden with respect to her first argument. *See Ludwig*, 681 F.3d at 1054. The ALJ was entitled to weigh Dr. Gaffield's opinions in light of the overall medical evidence, and Plaintiff has not shown that the ALJ's determination here was unreasonable or irrational. *See Thomas*, 278 F.3d at 954.

Plaintiff's second argument also fails. Plaintiff argues that Dr. Gaffield meant that Plaintiff needed rest breaks beyond those normally allowed when Dr. Gaffield opined

that she could walk/stand for six hours "with adequate breaks and rest periods limited by her lumbar spasms." (*See* Pl. Reply Br. (Dkt. # 16) at 2-3; AR at 422.) The ALJ interpreted Dr. Gaffield's opinion as meaning that Plaintiff could walk and/or stand for six hours, with customary rest breaks. (AR at 896.)

Plaintiff has not shown that the ALJ's interpretation of Dr. Gaffield's opinion was unreasonable. She has simply proposed an alternate reading of that opinion. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). The ALJ reasonably interpreted Dr. Gaffield's opinion by finding that "adequate breaks and rest periods" meant the type of breaks employers normally provide. Plaintiff has thus failed to show that the ALJ harmfully erred in evaluating Dr. Gaffield's opinions. *See Ludwig*, 681 F.3d at 1054; *Thomas*, 278 F.3d at 954.

    3.    <u>The ALJ Did Not Err in Weighing the Opinions of Dr. Kwock</u>

Dr. Kwock testified as a medical expert at Plaintiff's administrative hearing in 2017. (*See* AR at 918-33.) He reviewed Plaintiff's medical records, but did not examine her. (*See id.* at 918-19.) Dr. Kwock testified that Plaintiff had two medically determinable impairments: "mild early degenerative disc and degenerative joint disease of the cervical spine," and a large disc herniation at L4, for which she underwent a decompression procedure. (*Id.* at 920.) Dr. Kwock opined that Plaintiff could perform only light work, with several more specific limitations. (*See id.* at 922-23.)

The ALJ gave Dr. Kwock's opinions great weight. (*Id.* at 895.) He reasoned that Dr. Kwock had "the greatest familiarity with information in the record" based on his longitudinal review, and that his opinions were consistent with the other medical evidence. (*Id.* at 895-96.)

Plaintiff contends that the ALJ erred in giving Dr. Kwock's opinions great weight because he "did not consider or account for [Plaintiff's] testimony about her symptoms and limitations," nor adequately explain his opinions in light of other doctors' clinical findings. (Pl. Op. Br. at 8.)

Plaintiff has again not met her burden of showing harmful error. *See Ludwig*, 681 F.3d at 1054. First, the ALJ did not err in discounting Plaintiff's symptom testimony, so Dr. Kwock's failure to consider this testimony is of little relevance. *See supra* § III.A. Second, Plaintiff has done nothing more than state a conclusion in arguing that Dr. Kwock did not adequately explain his opinions. That is not enough; Plaintiff needed to demonstrate that the ALJ's decision was irrational or unsupported by substantial evidence, and she has failed to meet that burden. *See Ludwig*, 681 F.3d at 1054.

4. <u>The ALJ Harmfully Erred in Applying the Opinions of Dr. Hander</u>

Dr. Hander did not examine Plaintiff, but reviewed her medical records. (*See* AR at 104-15.) He opined, among other things, that Plaintiff could stand and/or walk for a total of four hours in a normal eight-hour work day. (*Id.* at 112.)

The ALJ gave Dr. Hander's opinions great weight. (*Id.* at 896.) Plaintiff contends that the ALJ erred, though, because (a) Dr. Hander opined that Plaintiff was improving,

yet she was found to be disabled two months later; and (b) the ALJ only limited Plaintiff to six hours standing and/or walking, rather than four. (Pl. Op. Br. at 8.)

Plaintiff's first argument fails. ALJ Morris—the ALJ who issued the first decision in this matter—found that Plaintiff's RFC "significantly declined starting on June 1, 2012, as she experienced a progressive worsening in physical health impacting her overall ability to engage in even basis activities of daily living." (AR at 28.) This determination is not at issue before the court. (*See id.* at 884, 986-89, 1001-02.) That Plaintiff's condition significantly deteriorated two months after Dr. Hander issued his opinions does not mean that Dr. Hander's opinions were less valid at the time they were issued. Plaintiff has not demonstrated that the ALJ's acceptance of Dr. Hander's opinions was unsupported by substantial evidence or irrational, and accordingly has not shown harmful error. *See Ludwig*, 681 F.3d at 1054; *Thomas*, 278 F.3d at 954.

Plaintiff's second argument, however, requires the court to reverse. The ALJ gave Dr. Hander's opinions great weight, but failed to include Dr. Hander's four-hour standing/walking limitation in the RFC or hypotheticals to the vocational expert, and failed to explain if or why he discounted this portion of Dr. Hander's opinion. (*See* AR at 890, 896.) The failure to include all of a claimant's limitations in the RFC or hypotheticals to the vocational expert is harmful error, as it deprives the ALJ's decision of sufficient evidentiary support. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (holding that "'[i]f a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that

the claimant can perform jobs in the national economy,'" which in turn deprives the ALJ's determination of non-disability of evidentiary support) (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)). The ALJ did not explain his rationale, so the court cannot affirm his decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The Commissioner argues that the ALJ's error was harmless because he identified a sedentary job Plaintiff could perform that would accommodate the lower standing/walking limitation. (*See* Def. Resp. Br. (Dkt. # 15) at 8-9.) The ALJ found that the sedentary job, touchup screener, had 11,304 jobs available nationally, and 266 in Washington. (AR at 899.) The Commissioner's argument fails because the ALJ erred in finding that the sedentary job of touchup screener existed in significant numbers in the national or regional economy.

A claimant who cannot perform past work may nonetheless be found not disabled if the Commissioner proves that the claimant can perform other work that exists in significant numbers in the national economy or the region in which the claimant lives. *See* 42 U.S.C. § 423(d)(2)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The Ninth Circuit "ha[s] never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). But the Ninth Circuit "has never found" that numbers similar to 12,600 jobs nationwide are significant. *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017); *see also De Rivera v. Berryhill*, 710 F. App'x 768, 769 (9th Cir. 2018) (finding that 5,000 jobs nationwide may

not be significant); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (noting that that 25,000 jobs nationwide is "a close call"). The Ninth Circuit has also found that 1,266 jobs regionally is significant, *Barker v. Secretary of Health & Human Services*, 882 F.2d 1474, 1479 (9th Cir. 1989), while 135 jobs regionally is not, *Beltran*, 700 F.3d at 389-90.

Despite the lack of a bright line rule, Ninth Circuit case law makes clear that touchup screener jobs do not exist in significant numbers in the national or regional economy. *See Lemauga*, 686 F. App'x at 422. Therefore, even though the touchup screener job may have accommodated the limitations about which Dr. Hander opined, it was too uncommon, meaning the ALJ failed to identify jobs that exist in significant numbers in the national or regional economy that Plaintiff could have performed considering all of her limitations. As a result, the ALJ harmfully erred. *See Beltran*, 700 F.3d at 390 (finding harmful error where the ALJ identified only one job that the claimant could perform, and that job did not exist in significant numbers in the national or regional economy); *De Rivera*, 710 F. App'x at 769 (finding harmful error where the one job the ALJ appropriately determined the claimant could perform did not clearly exist in significant numbers in the regional or national economy).

**C.      The ALJ Did Not Harmfully Err in Evaluating the Lay Witness Testimony**

Plaintiff contends that the ALJ erred in evaluating the lay witness statements of Jared Dulores and James Wood, Jr. (Pl. Op. Br. at 15-16.) In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'"

*Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject lay witness evidence. *Molina v*, 674 F.3d at 1111 (internal citations and quotation marks omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

1. <u>The ALJ Did Not Harmfully Err in Failing to Address Mr. Dulores's Testimony</u>

Mr. Dulores testified during Plaintiff's first hearing in September 2013. (*See* AR at 76-81.) He reported that Plaintiff was "in a lot of pain." (*Id.* at 76.) He further testified that Plaintiff had trouble walking, and had been using a wheelchair for about four to five months. (*Id.* at 78-79.)

ALJ Morris addressed Mr. Dulores's testimony in the first ALJ decision, dated January 17, 2014, and found it consistent with Plaintiff's physical deterioration. (*See id.* at 29.) Based on that testimony and other evidence, ALJ Morris thus found that Plaintiff was disabled as of June 1, 2012. (*See id.* at 28-29.) ALJ Johnson—whose decision is at issue here—did not mention Mr. Dulores's testimony. (*See id.* at 896-97.)

Although the ALJ should have addressed Mr. Dulores's testimony, his error was harmless. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, . . . the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se." *Molina*, 674 F.3d at 1117; *see also Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir.

2009); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Plaintiff testified about her pain and walking limitations, and the ALJ adequately addressed that testimony. *See supra* § III.A. The ALJ's reasons for discounting Plaintiff's symptom testimony apply equally to Mr. Dulores's testimony, so any error here was harmless.

2. <u>The ALJ Did Not Harmfully Err in Rejecting Mr. Wood's Testimony</u>

Mr. Wood submitted two witness statements in support of Plaintiff's claims. (*See* AR at 255-65.) In a third-party function report dated January 10, 2012, Mr. Wood stated that Plaintiff was suffering from pain and depression. (*See id.* at 255-62.) In a separate hand-written statement, Mr. Wood reported that Plaintiff had trust issues stemming from the handling of her social security and workplace injury claims. (*See id.* at 263-65.) He also reported that Plaintiff had significant pain and difficulty walking. (*See id.*)

The ALJ gave Mr. Wood's statements little weight. (*Id.* at 897.) He reasoned that Mr. Wood "largely reiterated [Plaintiff's] claimed allegations regarding her limitations" and his statements—like those of Plaintiff—were contradicted by the medical evidence and doctors' opinions. (*Id.* at 896-97.)

The ALJ gave sufficiently germane reasons for rejecting Mr. Wood's statements. Mr. Wood's statements generally addressed the same limitations Plaintiff alleged, and, as discussed previously, the ALJ reasonably discounted Plaintiff's testimony. *See supra* § III.A. That reasoning applies equally well to Mr. Wood's statements, so the ALJ did not commit harmful error in giving Mr. Wood's statements little weight. *See Molina*, 674 F.3d at 1117; *Valentine*, 574 F.3d at 694; *Lewis*, 236 F.3d at 512.

**D.      The ALJ Harmfully Erred in Assessing Plaintiff's RFC and Ability to Work**

Plaintiff argues that the ALJ erred in his RFC determination, and consequently erred in basing his findings at steps four and five on that RFC. (Pl. Op. Br. at 16-17.) This argument is derivative of her other arguments regarding the ALJ's assessment of the evidence. (*See id.*) Because the court has found that the ALJ erred in assessing Dr. Hander's opinion, *see supra* § III.B.4, the court agrees that the ALJ erred in his RFC determination, and in basing his findings at steps four and five on that RFC. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that the ALJ's RFC determination was not supported by substantial evidence where he failed to properly account for all of the evidence).

**E.      Scope of Remand**

Plaintiff asks the court to remand for an award of benefits. (Pl. Op. Br. at 17-19.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. While the first step of the Ninth Circuit's framework has been met, the second and third have not. There are conflicts in the medical evidence that the court is not in a position to decide. *See Andrews*, 53 F.3d at 1039. Dr. Kwock and Dr. Gaffield, whose opinions the ALJ gave great weight, opined that Plaintiff could stand and/or walk for six hours in a normal eight-hour work day, while Dr. Hander, whose opinions the ALJ also gave great weight, opined that Plaintiff could only stand and/or walk for four hours. (*See* AR at 112, 422, 923.) And even if the ALJ accepted Dr. Hander's lower standing/walking limitation, the record does not conclusively establish that there are no jobs other than the touchup screener existing in significant numbers in the national or regional economy that Plaintiff could perform. (*See id.* at 939-53.) Without resolution of these evidentiary issues, the court cannot conclude that the ALJ would be required to find Plaintiff disabled here. *See Leon*, 880 F.3d at 1046-48 (affirming the district court's decision to remand for further proceedings, rather than to remand for the payment of benefits, where the record revealed

conflicts, ambiguities, or gaps in the evidence).

On remand, the ALJ must reevaluate Dr. Hander's opinions; reassess the medical evidence as necessary; reassess Plaintiff's RFC, as well as the findings at steps four and five of the disability evaluation process; and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of October, 2018.

JAMES L. ROBART
United States District Judge